**Loretta ROLLAND, et al., Plaintiffs**

**v.**

**Deval PATRICK, et al., Defendants.**

**Civil Action No. 98–30208–KPN.**

United States District Court,
D. Massachusetts.

Feb. 10, 2011.

---

Cathy E. Costanzo, Steven J. Schwartz, Center for Public Representation, Matthew Engel, Disability Law Center, Inc., Northampton, MA, Frank J. Laski, Mental Health Legal Advisors Committee, Jeffrey S. Follett, Foley Hoag LLP, Boston, MA, Stephen M. Sheehy, Stephen M. Sheehy, P.C., Waltham, MA, for Plaintiffs.

David A. Guberman, Office of the Attorney General, Kenneth W. Salinger, Massachusetts Attorney General's Office, Boston, MA, for Defendants.

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFFS' MOTION FOR A FURTHER AWARD OF ATTORNEYS' FEES AND COSTS (Document No. 537)

NEIMAN, United States Magistrate Judge.

Presently before the court is Plaintiffs' motion for attorneys' fees for time spent between July 1, 2008, and June 30, 2010 monitoring, implementing, and defending the court's orders in this matter on appeal. Acknowledging that the First Circuit's recent ruling, entered after they filed their motion, precludes them from obtaining $159,942 in fees for appellate work, Plaintiffs now seek $156,033 for such time as was spent on monitoring and implementing efforts.[1] Defendants oppose Plaintiffs' motion but in part only, arguing, first, that the hourly rates sought by Plaintiffs are too high and, second, that the requested fee should be further reduced because Plaintiffs only had limited success on their previous fee application, the efforts for which form part of the instant motion. Accordingly, Defendants argue, Plaintiffs should be awarded no more than $117,909.

Because the parties are fully familiar with this matter, the court will proceed directly to the issues raised by Defendants' opposition. For the reasons which follow, the court will allow Plaintiffs' motion in the amount of $130,625.75.

### I. HOURLY RATES

■ Plaintiffs' present fee application uses hourly rates equal to, and on occasion somewhat higher than, the rates sought but not utilized by the court in their prior fee application. See Rolland v. Patrick, 2009 WL 3258401, at *10 (D.Mass. Oct. 2, 2009). For example, the hourly fee re-

---

**1.** These figures come from Table I in Plaintiffs' motion. For whatever reason, slightly different figures appear in Plaintiffs' Memorandum of Law.

quested for Steven Schwartz is $425, the same previously requested, but the court applied a $375 hourly rate; the hourly fee requested for Cathy Costanzo is $390, $15 more than Plaintiffs' previous request and $85 more than the rate authorized by the court. For their part, Defendants argue that there is no reason to reconsider the rates previously utilized by the court; if anything, Defendants contend, the rates previously applied are comparable to if not more generous than rates in most other fee awards in this district.

If the parties' countervailing invocation of case law proves anything, it is that the hourly rates applied in this district vary, although the differences may not be as great as might first appear. What variances do exist, in the court's view, can be chalked up in large part to the wide variety of civil rights cases, the circumstances of each, and the different time periods covered. That being so, the court believes that the history of fee applications in *this* case is the best guide as to what should be done now; accordingly, the court finds it unnecessary to revisit many of the arguments previously advanced by the parties and reprised in their current dispute. Moreover, the court is generally comfortable with the hourly rates it last chose for Plaintiffs' advocates in October of 2009 for the January 1, 2007 to June 30, 2008 time period and is, therefore, left merely to decide whether those rates should apply to the July 1, 2008 to July 30, 2010 time period presently at issue.

As an initial matter, the court notes that Plaintiffs' present fee application would increase the hourly rates last applied by the court anywhere from thirteen to thirty-nine percent depending on the particular advocate. There is, however, no apparent rhyme or reason to this variation other than Plaintiffs' implied dissatisfaction with at least some of the hourly rates last set-

tled upon by the court. Nevertheless, Plaintiffs also argue as a general matter that prevailing market rates have increased since the last time period. In support, Plaintiffs offer the affidavit of Stuart Rossman which sets forth hourly rates charged effective September 1, 2010, by attorneys at the National Consumer Law Center ("NCLC") in Boston where he is Director of Litigation. Those rates have increased significantly since the last schedule was provided by Mr. Rossman in support of Plaintiffs' previous application, which schedule was effective January 1, 2007. For example, the hourly rate for an attorney with ten to twenty years experience increased from $375 to $495 and the hourly rate of an attorney with five to ten years experience increased from $300 to $350. It is unclear, however, what the pace of the rate increase had been over the intervening three and half years or exactly what rates may have been applicable in the time period now before the court.

Standing in some contrast is Mr. Rossman's reference in his affidavit to yet another scale, *i.e.*, the "Laffey Matrix" of hourly rates prepared by the Civil Division of the United States Attorney's Office for the District of Columbia for use in cases in which a fee-shifting statute permits prevailing parties to recover fees. The matrix—adjusted for cost of living increases measured by the Consumer Price Index for All Urban Consumers announced by the Bureau of Labor Statistics through May of 2011—shows only small increases in rates since the last matrix (with adjustments through May of 2008) was provided to the court by Mr. Rossman. For example, the hourly rate for attorneys with eleven to nineteen years of experience increased from $410 to $420 and the hourly rate for attorneys with from four to seven and eight to ten years of experience increased, respectively, from $270 to $275 and from $330 to $335. These slight in-

creases, in the court's estimation, better reflect the state of the economy during this time period than the latest NCLC schedule. However, as Defendants point out, the rates themselves are generally higher than those recently utilized by sister courts in this district. *See, e.g., Fryer v. A.S.A.P. Fire and Safety Corp.*, 750 F.Supp.2d 331, 338–40 (D.Mass.2010) (Bowler, M.J.) (awarding requested hourly fees of $325 to lead trial counsel with thirty-five years experience and $350 to co-lead trial counsel with forty-three years experience); *Estate of John McIntyre v. United States*, 739 F.Supp.2d 70, 77 (D.Mass.2010) (Young, J.) (awarding $300 per hour for law firm partners and $100 for associates); *Mills v. Cabral*, 2010 WL 2553889, at *3 (D.Mass. June 18, 2010) (Stearns, J.) (awarding $350 per hour for core tasks); *Iverson v. Braintree Prop. Assocs., L.P.*, 2008 WL 552652, at **2–3 (D.Mass. Feb. 26, 2008) (Gertner, J.) (awarding $325 per hour to lead attorneys). *See also Porter v. Cabral*, 2007 WL 602605, at *13 (D.Mass. Feb. 21, 2007) (awarding $325 per hour to partner) (Woodlock, J.); *Bogan v. City of Boston*, 432 F.Supp.2d 222, 229–30 (D.Mass.2006) (Bowler, M.J.) (awarding $300 per hour to attorney with over thirty-five years experience but limited involvement in cases and $200 for litigation associates with three to four years of experience), *aff'd*, 489 F.3d 417 (1st Cir.2007). *But see Rosie D. v. Patrick*, 593 F.Supp.2d 325, 331 (D.Mass. 2009) (Ponsor, J.) (awarding $425 per hour to Mr. Schwartz, the same as requested here, and $375 per hour to Ms. Costanzo, $15 less than her presently sought rate).[2]

To be sure, Defendants also argue that the Laffey Matrix, which provides rates for attorneys in the District of Columbia, is not indicative of rates in Massachusetts. They argue as well that the NCLC's rate schedule neither provides evidence of prevailing market rates nor indicates what attorneys are actually paid. Yet even were the court to accept these particular arguments, it is still evident that hourly rates have increased over the past several years, even if the rates proposed by Plaintiffs are not ones the court is prepared to adopt.

Accordingly, given the passage of time since the court's ruling, the period now before the court, the court's practice of revisiting applicable rates as the case has progressed, the increased experience of all the advocates, and the comparable rates applied by other courts in this district, the court will apply a modest increase of $10 per hour to the rates previously utilized. Those rates will be as follows: S. Schwartz $385; C. Costanzo $315; M. Boundy (paralegal) $100; M. Engel $315; F. Laski $335; J. Follet $315; C. Wicker $210; and N. Brown $185. Since Plaintiffs have suggested that the same rate apply to J. Patterson Rae, a new addition to the Plaintiffs' legal team, as is applied to Ms. Costanzo, the court will apply a $315 fee to him as well, despite what appears to be a significant difference in years of experience.

## II. SUCCESS

■ Defendants also argue that Plaintiffs' fee should be further reduced because of "limited success" on their prior fee application, the hours for which form

---

**2.** The court also notes that the Massachusetts Law Reform Institute ("MLRI")'s schedule, to which Plaintiffs also refer, was effective September 2009, before the court had ruled on Plaintiffs' last fee application, although it does not appear to have been brought to the court's attention at the time. Another previous fee application, however, had taken the MLRI's then existing schedule into account. *See Rolland v. Cellucci*, 151 F.Supp.2d 145, 149 (D.Mass.2001).

part of the instant motion. More specifically, Defendants argue that since Plaintiffs won only 74.2 percent of the fees and costs they sought at that time, they should be paid only 74.2 percent of the hours they spent in that effort.

Defendants' argument is not persuasive. As Plaintiffs assert, Defendants raised this same argument before and it was rejected by the court:

> It is by no means true that because Plaintiffs only achieved about seventy percent of the fees sought, only seventy percent of the hours spent on their fee application was reasonable. Only an analysis of Plaintiffs' time records can determine the reasonableness of the hours claims. Second, in light of the figures mentioned, it can hardly be said that Plaintiffs' success was "limited." While the amount awarded might have been thirty percent less than the amount sought, it was more than twice the amount which Defendant argued ought to be awarded.

*Rolland,* 151 F.Supp.2d at 150. The same reasoning applies here and Defendants have asserted nothing which convinces the court otherwise.

### III. CONCLUSION

Given the court's analysis, the court ALLOWS Plaintiffs' motion for fees in the amount of $130,625.75 in fees, calculated as follows:

|  | Hours | Rates | Amount |
|---|---|---|---|
| S. Schwartz | 115.1 | $385.00 | $ 44,313.50 |
|  | 3.5 (travel) | $192.50 | $ 2,598.75 |
| C. Costanzo | 105.6 | $315.00 | $ 33,264.00 |
|  | 27.6 (travel) | $157.50 | $ 4,347.00 |
| J. Rae | 48.6 | $315.00 | $ 15,309.00 |
|  | 1.6 (travel) | $157.50 | $ 252.00 |
| M. Boundy | 102.9 | $100.00 | $ 10,290.00 |
|  | 16.0 (travel) | $ 50.00 | $ 800.00 |
| M. Engel | 5.1 | $315.00 | $ 1,606.50 |
| F. Laski | 44.7 | $335.00 | $ 14,974.50 |
|  | 6.0 (travel) | $167.50 | $ 1,005.00 |
| J. Follet | 2.3 | $315.00 | $ 724.50 |
| C. Wicker | .5 | $210.00 | $ 105.00 |
| N. Brown | 5.6 | $185.00 | $ 1,036.00 |
|  |  | Total | $130,625.75 |

IT IS SO ORDERED.